IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **11-cv-3104-JLK**

**SHARON KELLY, and**
**COLIN D. WRIGHT,**

      Plaintiffs,

v.

**ALEX MARUSARZ,**

      Defendant.
_____

**ORDER REMANDING CASE TO STATE COURT**
_____

**Kane, J.**

      This ski-injury negligence action is REMANDED to the District Court for the City and County of Denver, Colorado based on the failure of Defendant's Notice of Removal (Doc. 1) to establish federal diversity jurisdiction. The Notice of Removal relies solely on the Colorado state Civil Case Cover Sheet to establish the $75,000 jurisdictional prerequisite amount in controversy, and it is settled law in this district that Colorado's state Civil Cover Sheet is not a sufficient "other paper" or document to establish the amount in controversy by a preponderance of the evidence for purposes of diversity jurisdiction under 28 U.S.C. § 1332. *See Harding v. Sentinel Inc. Co., Ltd.*, 490 F. Supp.2d 1134 (D. Colo. 2007)(Kane, J.)(rejecting earlier exceptions as contrary to Tenth Circuit law); *Baker v. Sears Holding Corp.*, 557 F. Supp.2d 1208, 1215 (D. Colo.

...

...

2007)(agreeing with and expanding upon *Harding*).

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. In this circuit, Courts are "rigorously [to] enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998)). "[T]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *see Franklin*, 251 F.3d at 1289, so that all doubts are resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

In a removal case, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332, specifically including the amount in controversy requirement, have been satisfied. *Franklin*, 251 F.3d at 1290. Where, as here, a plaintiff's damages are unspecified in the complaint, defendant must establish the jurisdictional amount by a preponderance of the evidence. *Id.* Under the law as set forth in *Harding* and *Baker*, Plaintiffs' checking off the C.R.C.P. Rule 16.1 box on the Civil Cover Sheet provides no factual or evidentiary basis on which to establish the fact of this jurisdictional amount.

Unless and until facts asserted or admitted in pleadings, depositions, affidavits, discovery responses or "other papers" raise an inference that $75,000 is at issue in a

diversity case case, removal is improvident.  The case is remanded to the District Court for the City and County of Denver, Colorado, where it was originally filed.

Dated December 1, 2011.

                                        **s/John L. Kane**
                                        SENIOR U.S. DISTRICT JUDGE